**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation | ) ) ) | No. 03:12-cv-01104-HU |
| Plaintiff, | ) ) | |
| VS. | ) ) | **ORDER ON MOTION TO DISMISS LANHAM ACT COUNTERCLAIM** |
| HERAEUS PRECIOUS METALS NORTH AMERICA CONSHOHOCKEN LLC, a Delaware corporation; and SOLARWORLD INDUSTRIES AMERICA, INC., an Oregon corporation; | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Peter E. Heuser
Devon Zastrow Newman
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 S.W. 5th Avenue, Suite 1900
Portland, OR 97204

Matthew W. Brewer
Sean G. Gallagher
Adam K. Mortara
Asha L.I. Spencer
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654

      Attorneys for Plaintiff

Steven K. Blackhurst
ATER WYNNE LLP
1331 N.W. Lovejoy Street, Suite 900
Portland, OR 97209-3280

Maximillian A. Grant
Matthew J. Moore
Lisa Limor Rabie
Elizabeth M. Roesel
Gregory K. Sobolski
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004

1 - ORDER

Alexander C. Johnson, Jr.
MARGER JOHNSON & McCOLLOM P.C.
210 S.E. Morrison Street, Suite 400
Portland, OR 97204-3189

        Attorneys for Defendants

HUBEL, Magistrate Judge:

      The plaintiff E.I. Du Pont de NeMours and Company ("DuPont") sues the defendants Heraeus Precious Metals North America Conshohocken LLC ("Heraeus") and SolarWorld Industries America, Inc. ("SolarWorld"), alleging infringement of DuPont's patent for a conductive metallization paste used in the production of photovoltaic solar cells, U.S. Patent No. 8,158,504 ("the '504 Patent"). DuPont alleges Heraeus is infringing the '504 Patent by manufacturing, using, and selling "front side silver photovoltaic paste compositions" that infringe "at least claims 1, 3, 11 and 12 of the '504 Patent under 35 U.S.C. § 271." Dkt. #6, Amended Cmpt., ¶ 13. DuPont claims SolarWorld is infringing the '504 Patent by using the infringing paste compositions in its manufacture of solar cells, which Solarworld then sells to its customers.

      In response to DuPont's Amended Complaint, Heraeus has asserted three counterclaims. The third of these alleges DuPont violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in connection with statements made by DuPont in a press release it issued on July 19, 2012. *See* Dkt. #25, Counterclaims, ¶¶ 22-26. DuPont moves, under Federal Rule of Civil Procedure 12(b)(6), to

2 - ORDER

dismiss Heraeus's Lanham Act counterclaim for failure to state a claim for which relief can be granted. Dkt. ##37, 38 & 47. DuPont claims Heraeus has failed to plead the basic facts necessary to support its counterclaim. Dkt. #38, p. 3. In particular, DuPont complains Heraeus has failed to (1) identify the specific statement in DuPont's press release which Heraeus claims is false or misleading; (2) plead facts to show DuPont made the offending statement in bad faith; (3) plead facts to show "DuPont made a false or misleading description in a commercial advertisement about its own or another's product"; and (4) state how DuPont's statements in the press release either actually deceived, or have the tendency to deceive, a substantial segment of its audience. *Id.*, pp. 3-4. DuPont argues each of these elements provides an independent basis for dismissal of Heraeus's counterclaim. *Id.*, p. 4.

Heraeus argues it has properly pled its counterclaim. Heraeus also argues (1) there is no "bad faith" requirement for a section 43(a) claim; (2) Heraeus has pled sufficient facts to survive dismissal under federal pleading standards; and (3) alternatively, even if the court finds Heraeus has failed to allege sufficient facts to support its counterclaim, any dismissal should be without prejudice to allow Heraeus to amend the counterclaim to cure any deficiencies found by the court. Dkt. #42.

***STANDARDS FOR MOTIONS TO DISMISS***

Chief Judge Aiken of this court set forth the standard for the court's consideration of a motion to dismiss in *Gambee v.*

3 - ORDER

1   *Cornelius*, No. 10-CV-6265-AA, 2011 WL 1311782 (D. Or. Apr. 1, 2011)
2   (Aiken, C.J.).  Judge Aiken observed:

>            Under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563[, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929] (2007). "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint." *Daniels-Hall*, 629 F.3d at 998.

17  *Id.* at *2.

18       "As a general matter, a district court may not consider any
19  material outside of the pleadings when ruling on a Rule 12(b)(6)
20  motion." *O'Connell-Babcock v. Multnomah County, Oregon*, No. 08-cv-
21  459-AC, slip op., 2009 WL 1139441 at *4 (D. Or. Apr. 24, 2009)
22  (King, J.) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688
23  (9th Cir. 2001)).  However, the Ninth Circuit recognizes an
24  exception to this rule that allows consideration of documents
25  "'whose contents are alleged in a [pleading] and whose authenticity
26  no party questions, but which are not physically attached to the
27  . . . pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th
28  Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

4 - ORDER

1994)), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Vanguard Prods. Group v. Merchandising Technologies, Inc.*, slip op., 2008 WL 939041, at *3 (D. Or. Apr. 3, 2008) (Brown, J.) (same; quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). In the current case, Heraeus's counterclaim arises from statements made by DuPont in a press release issued on July 19, 2012. A copy of the press release is attached as Exhibit 1 to the Declaration of Matthew W. Brewer in Support of Plaintiff's Motion to Dismiss, Dkt. #39-1. Because the language of the press release is integral to Heraeus's Lanham Act counterclaim, and its authenticity is not at issue, the court may consider the press release in ruling on DuPont's motion to dismiss. *See Parrino, supra.*

### ***DISCUSSION***

The press release at issue is titled, "DuPont Addresses Patent Protection at Solarbuzz China Conference; Intellectual Property Theft Growing in Competitive Climate of Photovoltaics." *Id.* According to Heraeus, the release was issued and published on the internet, and also distributed by DuPont "directly to its customers and to Heraeus'[s] customers via email." Dkt. #25, p. 11. Among other things, the release discusses the growth of intellectual property theft in the photovoltaic industry, and mentions that DuPont filed the present case for patent infringement against Heraeus. In pertinent part, the release states as follows:

> Shanghai, July 19, 2012 - DuPont Electronics & Communications Managing Director for Greater China, Walt Cheng, was a featured speaker

5 - ORDER

> today at the Solarbuzz China Photovoltaics (PV) Conference in Shanghai. In addressing the importance of materials supply in PV manufacturing, Cheng emphasized the critical role innovation plays in advancing the solar energy industry, and the growing significance of intellectual property protection in today's increasingly competitive PV market.
>
> ". . . . Intellectual Property (IP) theft is widespread and the issue seems to be growing in the current climate of this industry. IP theft, left unchecked, has the potential to threaten the PV industry broadly at a critical time in its development. Everyone at every level in the industry benefits from vigorous competition that spurs innovation, bringing cutting-edge products to the global market. IP theft diminishes competition and reduces innovation. If there is no longer an incentive for companies to deliver new innovations, the progress we've made together to accelerate the growth of solar energy can stall."
>
> . . .
>
> "As DuPont continues to develop new technology, we need to ensure it is protected," said Cheng. "We do not ignore infringement and will pursue aggressively other points in the PV supply chain where IP infringement of our PV metallization pastes exists."
>
> Cheng indicated this set of actions continues in the manner of previous DuPont actions involving IP protection in China and other countries in the world. The company recently filed two lawsuits against PV metallization paste supplier Heraeus and one against its customer SolarWorld, for infringing on DuPont patents for DuPont™ Solamet® PV metallization pastes.
>
> Cheng asked for increased support from the industry to guard against infringement and stronger opposition to the use of "infringing" materials in the production and sale of downstream products by cell and module makers, PV system developers, installers and owners. Infringing companies expose themselves, and potentially others they do business with, to the full range of legal remedies.

Dkt. #39-1, pp. 1-2.

6 - ORDER

As noted above, DuPont claims Heraeus has failed to identify the specific statement it contends is false and misleading. In response, Heraeus states its "counterclaim specifically identifies a false and misleading statement ('Heraeus has allegedly engaged in intellectual property theft') . . ., and alleges sufficient facts to support the conclusion that this statement was made in bad faith, that it is false and misleading, and that it has the tendency to deceive a substantial segment of its audience." Dkt. #42, ECF p. 10.

The court notes the statement, "Heraeus has allegedly engaged in intellectual property theft," does not appear anywhere in the press release. However, despite DuPont's assertion to the contrary, such an allegation is a reasonable inference that could be drawn from the press release, for two reasons. First, as Heraeus notes, the press release "juxtaposes statements that '[i]ntellectual Property (IP) theft is widespread' and 'IP theft, left unchecked, has the potential to threaten the PV industry,' with statements regarding DuPont's lawsuits against Heraeus." *Id.*, ECF p. 5. Second, a patent *is*, in fact, intellectual property. *See, e.g.*, *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, ___ U.S. ___, 131 S. Ct. 2188, 2194, 180 L. Ed. 2d 1 (2011) ("Although much in intellectual property law has changed in the 220 years since the first Patent Act, the basic idea that inventors have the right to patent their inventions has not."); *Microsoft Corp. v. Motorola,* Inc., 696 F.3d 872, 876 (9th Cir. 2012) (quoting an International Telecommunications Union Policy disclaimer that notes ITU standards "are drawn up by technical and not patent experts; thus, they may not necessarily be

7 - ORDER

very familiar with the complex international legal situation of intellectual property rights such as patents"); *Zifa, Inc. v. Tinnell*, 502 F.3d 1014, 1026 (9th Cir. 2007) (holding certain patents issued after a 1980 contract between the parties "were thus part of the bundle of intellectual property rights that the parties contracted for in the first instance"); *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) ("It is well established in patent and copyright law that a patent or copyright licensee may not sub-license his licensed intellectual property rights without express permission from the licensor."); *Aurafin-OroAmerica, LLC v. Fed. Ins. Co.*, 188 Fed. Appx. 565, 566-67 (9th Cir. 2006) (distinguishing between patent infringement, which is an intellectual property right, and "patent misuse," which is "an equitable defense to a claim of patent infringement"); *cf.* West Key Number System, grouping Patents (29Tk682 k.) under the subcategory Intellectual Property (29Tk679).  Thus, in stating it has filed two lawsuits against Heraeus alleging patent infringement (a statement that is true on its face), DuPont is, *ipso facto*, alleging Heraeus has committed intellectual property theft.

    Heraeus argues DuPont's statement is false because "DuPont's lawsuits against Heraeus fail to allege any copying, misappropria-tion, willfulness or other conduct that could be reasonably characterized as 'IP theft.'"  Dkt. #42, ECF pp. 5-6.  Heraeus appears to misunderstand the nature of a patent as intellectual property.  The distinction between "patent infringement" and "IP theft" is one without a difference: patent infringement is, in fact, a form of IP theft.  In suing Heraeus for patent infringement, DuPont is effectively alleging that Heraeus has

committed IP theft. Thus, the issue raised by Heraeus in its counterclaim is whether DuPont's statement that it has sued Heraeus for patent infringement, when juxtaposed with DuPont's other statements about IP theft in the industry, is sufficient to constitute a violation of Section 43(a) of the Lanham Act. More particularly, for purposes of a motion to dismiss, the question is whether Heraeus has pled "factual content that allows the court to draw the reasonable inference that [DuPont] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

To prevail on its claim that DuPont violated Section 43(a) of the Lanham Act, Heraeus must show the press release contained a "false or misleading description of fact, or false or misleading representation of fact," which:

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]"

15 U.S.C. § 1125(a)(1).

In *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997), the Ninth Circuit set out the elements of a Section 43(a) false advertising claim, as follows:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the

9 - ORDER

>     deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. . . . To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers. *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 943, 946 (3d Cir. 1993)[.]

*Southland*, 108 F.3d at 1139 (footnote, internal citations omitted).

DuPont argues that in addition to these elements, Heraeus also is required to allege DuPont's representations were made in bad faith. Dkt. #38, p. 5 (citing *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999); *CollegeNET, Inc. v. Xap Corp.*, 2004 WL 2303506, at *10 (D. Or. Oct. 12, 2004) (Hubel, M.J.); *Vanguard Prods. Group*, 2008 WL 939041 (D. Or. Apr. 3, 2008) (Brown, J.). In the *CollegeNET* case cited by DuPont, I held that "before a patentee may be held liable under § 43(a) for marketplace activity in support of its patent, and thus be deprived of the right to make statements about potential infringement of its patent, the marketplace activity must have been undertaken in bad faith." 2004 WL 2303506, at *10 (internal citations and quotation marks omitted).

In its Lanham Act counterclaim, Heraeus alleges the following facts:

>     22. Heraeus sells and distributes photovoltaic products including silver paste, in interstate commerce.
>
>     23. DuPont has made material false representations regarding Heraeus'[s] silver photovoltaic products which

10 - ORDER

>    affect a customer's decision to purchase these products. Specifically, DuPont has publicly misrepresented the legitimacy of these products by falsely representing in a widely distributed press release that Heraeus has engaged in intellectual property theft and does not have the right to use, produce and distribute these products. In this press release, DuPont further misrepresented Du Pont's own rights in and to technology used in silver photovoltaic pastes.
>
>    24.  DuPont not only issued this press release and published it on the internet, but DuPont also distributed a copy of the press release directly to its customers and to Heraeus'[s] customers via email.  These statements are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 11259a).
>
>    25.  DuPont published its false statements in a press release to improperly discredit Heraeus'[s] products in the marketplace, threaten third party customers, and increase the perceived value of DuPont's intellectual property rights, thereby promoting Du Pont's own competing products.  These statements and threats are likely to cause confusion and mistake and have in fact caused confusion and mistake as to the characteristics of Heraeus'[s] products.
>
>    26.  As a direct result of DuPont's false and/or misleading representations, Heraeus has suffered damages. . . .

Dkt. #25, ¶¶ 22-26.

The court finds these allegations adequately plead all five of the elements set forth by the *Southland* court.  Even if DuPont shows its statements in the press release were literally true, Heraeus has alleged facts that plausibly suggest DuPont's statements were "likely to mislead or confuse" consumers of these products.

The court further finds, however, that bad faith is a necessary element of Heraeus's Lanham Act claim.  *See CollegeNET, supra*. Heraeus has failed to allege that DuPont's statements about the potential infringement of its patent were made in bad faith.  As a result, DuPont's motion to dismiss Heraeus's Lanham Act counterclaim is **granted**, but the dismissal is **without prejudice**, allowing

11 - ORDER

Heraeus to replead its counterclaim to include the allegation that DuPont acted in bad faith, if it can make such an allegation in good faith.

IT IS SO ORDERED.

Dated this 18th day of January, 2013.

/s/ Dennis J. Hubel
_____
Dennis James Hubel
Unites States Magistrate Judge

12 - ORDER